IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

WILLIAM M. BRAY,                          :
                                          :
           Plaintiff                      :
                                          :
VS.                                       :
                                          :
Officer WALLACE INGRAM, *et al.*,         :    NO. 1:05-CV-98(WLS)
                                          :
           Defendants                     :
_____:    **ORDER TO SUPPLEMENT COMPLAINT**

Plaintiff **WILLIAM M. BRAY**, a former inmate in the Georgia prison system, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $250.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (Tab # 2). Based on plaintiff's submissions, the Court finds that plaintiff is unable to pay the prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

## *I. BACKGROUND*

Plaintiff states that on July 1, 2003, he was an inmate at the Sumter County Correctional Institution. On that day, plaintiff was being driven to a work detail on the back of a flatbed pickup truck operated by defendant Officer Wallace Ingram. While operating the truck, Officer Ingram allegedly was driving at an excessive speed on a muddy road. The truck fishtailed into a ditch, throwing plaintiff onto the floor of the truck. Plaintiff received injuries to his back, neck, ankle, wrist, and head, and 4-7 hours later, was taken to a hospital. Plaintiff also complains that defendants Sergeant Carlton Cladd and Deputy Warden Jimmy Jones retaliated against plaintiff for his filing grievances by transferring plaintiff to Dodge State Prison on August 26, 2003. By way of relief,

plaintiff seeks from each defendant $50,000 in compensatory damages and $50,000 in punitive damages.

Attached to plaintiff's complaint is a copy of a June 29, 2004, Ante Litem Notice provided by plaintiff's attorney, A. James Rockefeller, to James Donald (Commissioner, Georgia Department of Corrections), Tift Pace (Chairman, Sumter County Board of Commissioners), and the Department of Administrative Services for the Risk Management Department. The five page notice details the July 1, 2003, accident and plaintiff's medical care thereafter, and announces an intention to file a lawsuit if the case is not settled.

## II. ORDER TO SUPPLEMENT

"Under the doctrine of res judicata, a judgment on the merits in a prior lawsuit bars a second suit involving the same parties or their privies based on the same cause of action." ***Parklane Hosiery Co. v. Shore***, 439 U.S. 322 (1979). A final judgment on the merits of an action precludes the same parties from relitigating issues that were or could have been raised in that action. ***Federated Dep't Stores, Inc. v. Moitie***, 452 U.S. 394, 398-99 (1981). Under Georgia law, one must assert all claims for relief concerning the same subject matter in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be res judicata pursuant to OCGA § 9-12-40.

After reviewing plaintiff's complaint and attachments, it is unclear to this Court whether this case should be dismissed as res judicata because of a prior state action based on the same cause of action. Because plaintiff is proceeding *pro se*, the Court will allow plaintiff to supplement his

complaint. In his supplemental complaint, plaintiff should state whether he or his attorney has ever filed in a Georgia court, a lawsuit regarding the July 1, 2003 accident. If so, plaintiff should identify: (1) the particular court proceeding (by court and case name/number); (2) the exact nature of plaintiff's claims in said proceeding; (3) the identities of all named defendants; and (4) whether the action is still pending or if there has been a final disposition. Plaintiff should also inform this Court as to whether he or his attorney entered into any settlement agreement with respect to the events giving rise to the present complaint. If so, plaintiff should provide all details of the settlement.

Finally, if he is able to do so, plaintiff is requested to provide this Court with copies of any documents he may have in his possession relating to his claims in this case.

Plaintiff shall have thirty (30) days from his receipt of this order to submit a supplemental complaint, limited to these claims only. No other claims will be considered. His failure to comply with this order may result in the dismissal of all or portions of his complaint. There shall be **no service of process** until further order of the Court.

**SO ORDERED**, this 27th day of October, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE